UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A. BOLTON,<br>    Plaintiff,<br>    v.<br>CITY OF BERKELEY, et al.,<br>    Defendants. | Case No. 19-cv-05212-WHO<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE** |

In the last seven months, I have repeated instructions on how pro se plaintiff A. Bolton can move forward with this case by providing me with his full legal name or explaining why he wishes to proceed anonymously pursuant to Federal Rule of Civil Procedure 10(a). I gave him multiple opportunities to follow my instructions and most recently extended his deadline to respond to my order by July 6, 2020. Instead of responding to the issue at hand, he filed a "motion for sanctions" which I DENY. Dkt. No. 44. Now, I am left with no choice but to DISMISS this case, without prejudice, for failure to prosecute and obey court orders.

**BACKGROUND**

At the November 20, 2019 hearing on defendants' motion to dismiss, I instructed Bolton that, in order to move forward with this case, he must provide his full legal name or explain why he wishes to proceed anonymously. Dkt. No. 32. I followed up with an order giving him explicit written instructions on what he must do: "To move forward, by December 13, 2019 plaintiff A. Bolton must either tell me when and where he was born, and what full legal name his parents gave to him at birth, and then we will use that in the caption of the case, or, if he wants to proceed anonymously, give me a good reason why I should allow him to do so. Bolton can write "REQUEST FOR SEALING" to confidentially file this information with me." Dkt. No. 33.

1   I did not receive any response from him until December 23, 2019, when he requested
2   clarification on how this case is related to "other government proceedings." Dkt. No. 34.  I
3   encouraged him to focus on the issues he has presented in this court, reiterated what he has to do
4   in order to proceed here, and extended his deadline to January 31, 2020 to resolve the name issue.
5   Dkt. No. 34.

6   Bolton then asked to continue his deadline to May 1, 2020, which I granted, but
7   emphasized "[t]here will be no further continuance for this." Dkt. No. 41.  I instructed him again
8   on what he needs to do and warned him that if he fails to respond to my order by May 1, 2020, I
9   will have no choice but to dismiss his case.

10  He then asked for another 60-day extension due to COVID-19.  Given exceptional
11  circumstances, I extended his deadline "for the absolute last time to July 6, 2020." Dkt. No. 43.  I
12  referred him to my previous orders for what he must do before July 6, 2020 in order for this case
13  to go forward.  I again emphasized that "[f]ailure to do so will leave me with no choice but to
14  dismiss his case for failure to prosecute and obey court orders."

## LEGAL STANDARD

It is well established that district courts have *sua sponte* authority to dismiss actions for failure to prosecute or to comply with court orders.  See Fed. R. Civ. P. 41(b); *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (stating standard applied in dismissal for failure to prosecute); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to comply with court orders).

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Omstead*, 594 F.3d at 1084 (quoting *Henderson v. Duncan*, 779 F.2d 1421,

1423 (9th Cir. 1986)).

## DISCUSSION

The first two factors – public interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal. As described above, I have repeated instructions on how Bolton can resolve the name issue and given him multiple opportunities to do so. This failure to prosecute and follow court orders hinders my ability to move this case toward disposition and suggests that Bolton does not intend to litigate this action diligently.

The third factor – prejudice to defendant – also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when plaintiffs unreasonably delay prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452 – 53 (9th Cir. 1994). Nothing suggests such a presumption is unwarranted here.

The fourth factor – public policy in favor of deciding cases on the merits – ordinarily weighs against dismissal. However, it is a plaintiff's responsibility to move toward disposition at a reasonable pace and avoid dilatory and evasive tactics. *See Morris v. Morgan Stanley*, 942 F.2d 648, 652 (9th Cir. 1991). Bolton has not discharged this responsibility despite having been instructed multiple times on what he needs to do, granted sufficient time in which to follow my orders, and warned of the consequences of failure to do so. Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Bolton's failure to obey court orders or file responsive documents within the time granted.

The fifth factor – availability of less drastic sanctions – also weighs in favor of dismissal. I cannot move this case without Bolton's compliance with my orders to resolve the name issue. While dismissal should not be entered unless a plaintiff has been notified that dismissal is imminent, I have warned Bolton multiple times about the possibility of dismissal. I even cited him to an example of a similar case where the court eventually dismissed the case because plaintiff did not answer the court's order to provide a full name; I warned him that "I will have no choice but to dismiss his case for the same reason." Dkt. No. 41; *see Doe v. California*, No. CV 19-3251-DSF (KK), 2019 WL 2211893 (C.D. Cal. May 22, 2019).

Therefore, all five factors weigh in favor of dismissal.

3

**CONCLUSION**

This action is hereby DISMISSED without prejudice for failure to prosecute and comply with court orders pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: July 10, 2020



William H. Orrick
United States District Judge

4