UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHALA KAZDA,<br><br>        Plaintiff,<br><br>    v.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>        Defendant. | Case No. 19-cv-02512-WHO<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 100 |

Defendant Aetna Life Insurance Company ("Aetna") filed a motion for leave to file a motion for reconsideration of my Order granting class certification. *See* Dkt. Nos. 99, 100. Having reviewed the motion, it is DENIED.

Under Civil Local Rule 7-9(b), in seeking the court's leave to file a motion for reconsideration, a party must show one of the following:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the court to consider material facts or dispositive legal arguments which were presented to the court before such interlocutory order.

Aetna argues that in certifying the class, I failed to consider "practical problems" with the relief sought (reprocessing claims for liposuction treatment of lipedema that Aetna denied as cosmetic) and argues that it will not provide class members a remedy. *See* Mot. [Dkt. No. 100] 4:10-15, 8:1-20.

1  I took this into account when I considered the arguments surrounding class certification. 2 The nature of the injunctive relief that Kazda sought was relevant to whether she had standing and 3 thus, was an adequate and typical class representative.  *See* Class Certification Order [Dkt. No. 99] 4 7:16-9:18.  In weighing this, I relied heavily on decisions from the Ninth Circuit and courts within 5 that considered similar retrospective reprocessing injunctions.

6  Specifically, I noted that the Ninth Circuit has "expressly held that reprocessing is the 7 usual remedy in these types of cases," citing *Saffle v. Sierra Pac. Power Co. Bargaining Unit* 8 *Long Term Disability Income Plan*, 85 F.3d 455, 456 (9th Cir. 1996).  *See* Class Certification 9 Order at 9:4-9.  I also considered two district court cases where my colleagues relied on *Saffle* and 10 held that reprocessing injunctions warranted class certification under Federal Rule of Civil 11 Procedure 23(b)(2).  *See id*. at 9:9-15 (citing *Des Roches v. Cal. Physicians' Serv.*, 320 F.R.D. 12 486, 507-11 (N.D. Cal. 2017); *Ballas v. Anthem Blue Cross Life & Health Ins. Co.*, No. CV-12- 13 00604, 2013 WL 12119569, at *13 (C.D. Cal. Apr. 29, 2013)).  Importantly, *Saffle* states that it is 14 not up to the court to decide whether benefits should be awarded.  *Id*. at 9:4-9 (citing *Saffle*, 85 15 F.3d at 456).  Rather, it instructs courts to leave it to the administrator to make that determination 16 under a properly construed plan.  *Saffle*, 85 F.3d at 456.

17  Aetna recognizes that courts within the Ninth Circuit have certified other retrospective 18 reprocessing classes, but contends that because they "frequently settle after certification, and 19 because the retrospective reprocessing is performed administratively by an ERISA administrator," 20 there is very little jurisprudence examining the practical outcome of those settlements."  Mot. at 21 9:5-9.  Aetna essentially asks me to reconsider my decision on class certification because 22 retroactive reprocessing "likely will not provide a remedy to the class."  Mot. at 8:5-10.  That 23 speaks not to whether certification is warranted, but whether benefits should be awarded—a matter 24 that *Saffle* places beyond my reach.

25  Because I took this into account when deciding the motion for class certification, Aetna 26 has not shown grounds warranting the filing of a motion for reconsideration.  Aetna's motion for 27 leave to do so is DENIED.

28  Alternatively, Aetna requests that the class definition be revised.  Mot. at 10:1-15.  I

United States District Court
Northern District of California

certified the following class:

> All persons covered under ERISA health plans, self-funded or fully insured, that are administered by Aetna and whose claims for liposuction treatment of their lipedema were denied as cosmetic.

Class Certification Order at 20:12-15. Aetna requests the following:

> All persons covered under ERISA health plans, self-funded or fully insured, that are administered by Aetna, whose pre-certification request for liposuction treatment of their lipedema were denied as cosmetic and who paid out of pocket for liposuction treatment of their lipedema after said denial while they were a member of an ERISA health plan, self-funded or fully insured, administered by Aetna.

Mot. at 10:1-5. It argues that the revised definition necessarily clarifies that individuals no longer covered by an Aetna plan may qualify "only if and to the extent they incurred out-of-pocket expenses" for a procedure that retrospectively qualifies for coverage under Aetna's current policy, while they were a member. *Id*. at 10:6-9. Aetna also contends that the revision will "account for the fact that individuals who have not had the surgery cannot establish that the procedure is currently medically necessary based on retrospective clinical records." *Id*. at 10:9-11.

This request is also DENIED. Aetna has not provided sufficient grounds to reconsider the class definition. It was aware of the nature of the relief that Kazda sought and had ample opportunity to argue against the proposed definition in its opposition to the class certification motion. Moreover, the class that Aetna proposes appears, on its face, to be narrower than the class certified, as it includes only those who paid out of pocket for liposuction treatment. This would raise anew questions about certification, particularly numerosity.

To be sure, a class definition may be amended as a case proceeds. *See* Fed. R. Civ. P. 23(c)(1)(c); *see also Brown v. Hain Celestial Grp., Inc.*, No. C-11-03082-LB, 2014 WL 6483216, at *6 (N.D. Cal. Nov. 18, 2014) ("Class definitions are often revised, for example, to reflect the contours of a settlement."). I see no reason to do so now.

**IT IS SO ORDERED.**

Dated: June 2, 2022



William H. Orrick
United States District Judge